DANIEL JAY v. THE STATE.

No. 13273.   Delivered February 26, 1930.
Reported in 25 S. W. (2d) 849.

The opinion states the case.

*J. F. Cunningham* and *Oliver Cunningham* of Abilene, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment confinement in the penitentiary for twenty-five years.

Appellant shot and killed Vera Young. It was the state's theory, given support in the testimony, that appellant deliberately shot deceased, and that she was unarmed at the time. Appellant testified that deceased had attacked him with a razor shortly before the homicide, and that he ran away; that when he saw her again she renewed the attack and he shot to stop her as he believed his life was in danger. A search of the clothing of deceased disclosed no razor. Immediately after the homicide officers searched the locality occupied by appellant and deceased. They were unable to find a razor. Some of appellant's witnesses testified to finding a razor near where deceased had fallen after the officers had left the scene of the homicide. Appellant's theory was given support in the testimony of his witnesses.

Bill of exception No. 1 presents the following occurrence: While cross-examining appellant's witness Phelps, counsel for the State was holding in his hand a written statement concerning the homicide theretofore made by the witness. Leading counsel for appellant—referring to the statement—exclaimed: "We agree that you can offer it without us seeing it." Whereupon counsel for the state offered the statement in evidence and passed it to appellant's counsel. After the statement was already in evidence without objection one of appellant's attorneys interposed certain objections to its reception. Thereafter another attorney for appellant read a portion of the statement in evidence, with the statement that if state's counsel wanted to offer the remainder he could do so. Whereupon state's counsel replied that the whole statement was already before the jury without objection. Thereafter counsel for the state read to the jury the portion of the statement that one of appellant's attorneys had objected to. The same counsel at the time of the reading of said statement interposed the objection that the portion of the statement state's counsel was reading to the jury was not necessary to explain or contradict that portion of the statement read to the jury by appellant's counsel; that it was taken in the absence of appellant; that it was putting his character in issue when he had not done so; and that it was the mere expression of the opinion of a witness, and was irrelevant, immaterial, and harmful. The court overruled the objections. Appellant's counsel read to the jury, among other portions, the following part of the statement in question:

"On the night he killed Vera Young, I was upstairs in the Butler place, but could not come down until the law came for he made all of us stay there and threatened to kill us if we came near or touched Vera Young. We did not come down until the law came."

Appellant's counsel omitted the next succeeding sentence found in the statement, and it was read to the jury by state's counsel. We quote:

"Daniel Jay was a terror in negro town on the night of the killing and we were afraid to move or disobey his orders."

It might be plausibly argued that that portion of the statement read by the state became admissible by virtue of the fact that appellant had given in evidence a part of the statement, thus authorizing the whole on the same subject to be inquired into by the state. Article 728, C. C. P. Be that as it may, we are of the opinion that the bill of exception shows that appellant's leading counsel, and one other, had agreed that the statement should be read in evidence, and that it had been received in evidence pursuant to such agreement. We think the court's certificate to the effect that appellant had waived any objection to the statement, and that he invited the error, if error was committed, is borne out by the recitals in the bill.

Appellant timely objected to the charge on self-defense on the ground that appellant's right of self-defense was made to depend upon a finding by the jury that deceased had advanced upon him with a razor in her hand. The objection appears not to have been well taken. The charge advised the jury that if deceased had a razor in her hand, or if it appeared to appellant that she had a razor in her hand and advanced on him, or if it appeared to him that she was advancing upon him, and that by reason of such acts, when taken in connection with all of the relevant facts and circumstances in evidence, there was created in the mind of appellant a reasonable expectation or fear of death or serious bodily injury at the hands of deceased, viewed from appellant's standpoint at the time, and that acting upon such reasonable expectation or fear of death or serious bodily injury he shot and killed deceased, or if the jury had a reasonable doubt thereof, they would acquit appellant. In addition to the foregoing charge, the court gave to the jury appellant's requested charge on the same subject, wherein it was made plain that appellant's right to defend himself was not limited to an actual attack by deceased with a razor.

In his motion for new trial appellant set up newly discovered evidence. Attached to the motion was the affidavit of the witness to

the facts alleged to be newly discovered. In the order overruling the motion it is recited that evidence was heard thereon. The evidence is not brought forward. We must therefore presume that the action in overruling the motion was correct, and that the trial court acted upon evidence which was sufficient to justify his action. Sykes v. State, 2 S. W. (2d) 863.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.